UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. 08-50123-KES |
| Plaintiff, | ) | |
| vs. | ) | ORDER DENYING DEFENDANT'S |
| | ) | MOTION TO DISMISS THE |
| JOHN LEE MCCLEEREY, | ) | INDICTMENT |
| Defendant. | ) | |

Defendant, John Lee McCleerey, moves to dismiss his indictment, which charges him with Failure to Register as a Sex Offender in violation of 18 U.S.C. § 2250(a). The government resists the motion. For the following reasons, McCleerey's motion is denied.

## BACKGROUND

McCleerey was convicted of third-degree rape in 1988. He was sentenced to 260 days in county jail in Oregon. McCleerey does not dispute that as a result of this conviction he is required to register as a sex offender under the Sex Offender Registration and Notification Act (SORNA). Indeed, McCleerey was in compliance with his registration requirements from September 2003 through May 2006; he filed ten separate address verification forms during this time period.

At some point after May 2006, it was alleged by South Dakota state officials that McCleerey failed to update his registration requirements in South Dakota. The warrant request alleged that McCleerey no longer lived at the address where he was registered and that his whereabouts were unknown. An

arrest warrant was issued in Butte County, South Dakota. McCleerey was arrested on the South Dakota warrant in Eagle Pass, Texas, on July 23, 2008. He was released on bond, absconded, and was unable to be located.

The indictment in this case was then filed on November 19, 2008. McCleerey asserts that he moved out of the country to Mexico and then to Belize. McCleerey was arrested in 2014 in Belize by the United States Marshals Service.

## DISCUSSION

As a sex offender, McCleerey was required to comply with SORNA. SORNA requires a sex offender to "register, and keep the registration current, in each jurisdiction where the offender resides, where the offender is an employee, and where the offender is a student." 42 U.S.C. § 16913(a). "To keep the registration current, an offender must not later than 3 business days after each change of residence appear in person in at least 1 jurisdiction involved pursuant to 42 U.S.C. § 16913(a) and inform the jurisdiction of all changes in the information required for that offender in the sex offender registry." *United States v. Lunsford*, 725 F.3d 859, 860 (8th Cir. 2013) (internal quotations omitted). "The offender must supply, among other things, the address of each residence at which the sex offender resides or will reside." *Id.* (internal quotations omitted). A violation of 18 U.S.C. § 2250(a) occurs if a sex offender who is required to register under SORNA travels in interstate or foreign

commerce and knowingly fails to register or update a registration as required by SORNA. *Id.* at 860-61.

McCleerey argues that the indictment should be dismissed because it fails to state an offense under 18 U.S.C. § 2250(a). He asserts that when he moved to Mexico (and then later moved to Belize) he had no obligation to update his registration under SORNA because under SORNA a foreign country is not a "jurisdiction involved." He also argues that SORNA does not require an offender to unregister from a jurisdiction where he previously resided. McCleerey is correct that SORNA, for the most part, is inapplicable in foreign countries. *See Lunsford*, 725 F.3d at 861 ("SORNA's definition of "jurisdiction" excludes foreign countries. . . . Congress did not give SORNA extraterritorial effect, *see* 42 U.S.C. § 16911(10), and when a sex offender leaves the country, he no longer poses an immediate threat to the safety of children in the United States."). McCleerey is also correct in his assertion that SORNA does not create an "unregister" obligation: "An offender is required to keep the registration current in the jurisdiction where he resides, not a jurisdiction where he resided. . . . There is thus no textual basis for requiring an offender to update his registration in a jurisdiction where he formerly resided, and where he is not currently an employee or a student." *Lunsford*, 725 F.3d at 861 (internal quotations and citations omitted). For these reasons, McCleerey argues that the indictment must be dismissed.

3

McCleerey alleges that he immediately moved to Mexico, and resided in Mexico, when he stopped residing in South Dakota and never again resided in a "jurisdiction" as defined under SORNA. But there are a variety of ways in which McCleerey could have failed to update his registration as required by SORNA. To comply with SORNA, McCleerey was required to, within 3 business days after a change of name, residence, employment, or student status, appear in person in at least 1 jurisdiction involved and inform the jurisdiction of all changes in the information required for him in the sex offender registry. 42 U.S.C. § 16913(c); *see also Lunsford*, 725 F.3d at 860. The government will ultimately bear the burden at trial to establish the necessary facts to prove that McCleerey failed to update his registration in violation of 18 U.S.C. § 2250(a). But that is a burden the government must meet at trial, not in the indictment.

To successfully have his indictment dismissed for failing to state an offense, McCleerey must establish that the indictment inadequately states an offense. An indictment adequately states an offense if it contains all the essential elements of the offense, fairly informs the defendant of the charges against which he must defend, and alleges sufficient information to allow a defendant to plead a conviction or acquittal as a bar to a subsequent prosecution. *United States v. Sewell*, 513 F.3d 820, 821 (8th Cir. 2008). "An indictment is normally sufficient if its language tracks the statutory language." *Id.* The indictment here reads as follows:

> Between on or about the 23rd day of July, 2008, and continuing through the date of this Indictment, in the District of South Dakota

4

>and elsewhere, the defendant, John Lee McCleerey . . . , a person required to register under [SORNA], did knowingly travel in interstate and foreign commerce and thereafter failed to update a registration as required by [SORNA], all in violation of 18 U.S.C. § 2250(a).

Docket 1. The date of the indictment was November 19, 2008. Therefore, the indictment informed McCleerey that he violated SORNA because he traveled in interstate or foreign commerce and failed to update his registration as required by SORNA during the four-month window of July 23 to November 19 of 2008. Based on this, the court finds that the indictment contains all the essential elements of the offense, fairly informs McCleerey of the charges against which he must defend, and alleges sufficient information to allow him to plead a conviction or acquittal as a bar to a subsequent prosecution. Moreover, the indictment closely tracks the language of 18 U.S.C. § 2250(a). McCleerey provides no additional arguments as to why the indictment fails to adequately state an offense under 18 U.S.C. § 2250(a). Thus, the court finds the indictment was sufficient. Accordingly, it is

ORDERED that defendant's motion to dismiss the indictment (Docket 22) is denied.

Dated June 20, 2014.

BY THE COURT:

/s/ *Karen E. Schreier*
KAREN E. SCHREIER
UNITED STATES DISTRICT JUDGE